IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| JOSEPH KIRBY, II, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § § | |
| v. | § § | Civil Action No. |
| BISHOP LIFTING PRODUCTS, INC., BEM BUSINESS MANAGEMENT, LLC f/k/a M-CABLE LLC and d/b/a W R C, LLC; CMM BUSINESS MANAGEMENT, INC. f/k/a MATEX WIRE ROPE CO., INC.; MATEX ACQUISITION CORPORATION d/b/a WRC and MATEX WIRE ROPE CO., | § § § § § § § § § § | 7:18-CV-00181 |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joseph Kirby, II ("Named Plaintiff") on behalf of himself and all others similarly situated ("Class Members" herein) (Named Plaintiff and Class Members are collectively referred to herein as "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. They show as follows:

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act,

unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2.  Defendants violated the FLSA by improperly classifying, or other otherwise treating, its Technicians as employees exempt from the guarantees and protections of the FLSA. Specifically, Defendants have failed and refused to pay their Technicians at time-and-one-half their regular rates of pay for all hours worked in excess of forty hours within a workweek. Instead, Defendants paid their Technicians a base salary plus bonuses but did not pay for overtime hours at a rate that is not less than one-and-one-half their regular rates of pay. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3.  Named Plaintiff Joseph Kirby, II is an individual who resides in Ector County, Texas and was employed by Defendants within the meaning of the FLSA. Named Plaintiff was employed by Defendants from approximately from approximately February 2013 until August 2018. He has consented to be a party-plaintiff in this action and his consent form is attached hereto as "Exhibit A."

4.  The Named Plaintiff and Class Members are Defendants' current and former Technicians.

5.  Defendant Bishop Lifting Products, Inc. is a Delaware corporation that is authorized to do business in Texas and that is doing business in Texas. Defendant Bishop Lifting Products, Inc. may be served with process by service on its registered agent for service, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

6.  Defendant Matex Acquisition Corporation is a Delaware corporation that is authorized to do business in Texas and that is doing business in Texas.  Matex Acquisition Corporation does business as WRC and also does business as Matex Wire Rope Co.  Defendant Matex Acquisition Corporation may be served with process by service on its registered agent for service, Capitol Corporate Services, Inc., 206 East 9th Street, Suite 1300.

7.  Defendant BEM Business Management LLC is a Texas LLC that is authorized to do business in Texas and that is doing business in Texas.  BEM Business Management LLC is formerly known as M-Cable LLC.  BEM Business Management LLC does business as W R C, LLC.  Defendant BEM Business Management LLC may be served with process by service on its registered agent for service, C. Michael Matthews, 3793 FM 1844, Gladewater, Texas 75647.

8.  Defendant CMM Business Management, Inc. is a Texas corporation that is authorized to do business in Texas and that is doing business in Texas.  CMM Business Management, Inc. is formerly known as Matex Wire Rope Co., Inc.  CMM Business Management, Inc. may be served with process by service on its registered agent for service, Clarence Michael Matthews, 1215 Industrial Blvd., Kilgore, Texas 75662.

### III. JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction in this matter because Plaintiffs assert claims arising under federal law.  Specifically, Plaintiffs assert claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.

10. Venue is proper in the Midland/Odessa Division of the United States District Court for the Western District of Texas.  All or a substantial part of the events forming the basis of this suit occurred in Midland and Ector Counties, Texas, which is in this District and Division.  Venue in this Court is

therefore proper under 28 U.S.C. § 1391(b).  Named Plaintiff Kirby was an employee of Defendant and performed work for Defendant in Midland and Ector Counties, Texas.  Defendants do business in Midland and Ector Counties, Texas.  Defendants are subject to this Court's personal jurisdiction with respect to this civil action.  Defendants thus reside in this district and division.  28 U.S.C. §1391(c).  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b)(1).

## IV.  COVERAGE UNDER THE FLSA

11. At all relevant times, Defendants have, jointly and individually, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

12. At all times hereinafter mentioned, Defendants have, jointly and individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have, jointly and individually, been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned Defendants have, jointly and individually, been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom

Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V.  FACTUAL ALLEGATIONS

### A.  Background Regarding Defendants

16. Defendants are oilfield services companies. They provide sales, service, and repair of wire ropes and cables used in the oilfield.  Defendants provide these services in the Permian Basin and in other major U.S. oil and gas plays.

17. In approximately 2012, Defendants BEM Business Management LLC (then M-Cable LLC d/b/a WRC LLC) ("WRC") and CMM Business Management, Inc. (then Ma-Tex Wire Rope Co.) ("Ma-Tex"), Inc. merged operations but maintained their separate legal entities.  The two entities utilized shared management, payroll personnel, and employees.

18. As a result of the merger, WRC's two terminals in Alice, Texas and Pleasanton, Texas joined with Ma-Tex Wire Rope Co., Inc.'s terminals in Midland, Texas; Kilgore, Texas; and Shreveport, Louisiana.

19. Named Plaintiff began working for Defendants WRC and Ma-Tex in 2013.  When hired and for the rest of his employment with WRC and Ma-Tex Wire Rope Co., Inc., Named Plaintiff was a Technician.  At the time, he worked in the Alice and Pleasanton terminals.  While employed in the Alice and Pleasanton terminals, Named Plaintiff was paid by WRC.

20. In approximately July 2016, Named Plaintiff transferred to Defendants WRC and Ma-Tex's Midland terminal where he continued to work as a Technician.  After that transfer, Named Plaintiff was paid by Defendant Ma-Tex Wire Rope Co., Inc.

21. In August of 2017, Defendant Bishop Lifting Products, Inc. ("Bishop") acquired Defendants WRC and Ma-Tex.  Named Plaintiff continued working as a Technician jointly for Defendants WRC,

Ma-Tex Wire Rope Co., Inc., and Bishop.  Bishop took over the management of the entire business, including Ma-Tex and WRC, implementing its pre-existing safety program over all employees, providing benefits to all employees, providing Human Resources functions for all employees, and providing the backend management support for WRC and Ma-Tex.

22. After Bishop acquired WRC and Ma-Tex, Named Plaintiff was paid by Defendant Ma-Tex Acquisition Corporation.

23. Bishop currently has operations in Texas, Louisiana, Oklahoma, Kansas, and Colorado. (https://lifting.com/2017/08/01/bishop-lifting-products-inc-finalizes-acquisition-matex-wire-rope/, last visited October 3, 2018).

24. Defendants exercised a unified operation and common control over the businesses known as BEM Business Management LLC, CMM Business Management, Inc., and Ma-Tex Acquisition Corporation. Defendants are part of a single integrated enterprise that employed Plaintiffs.

**B.  Background Regarding the Plaintiffs' Work and Compensation**

25. Named Plaintiff and the Class Member Technicians across Defendants' locations had the same job duties; while working at a terminal, they removed the wire cable on wireline vehicles and reinstalled new wire cables on those vehicles. Named Plaintiff and the Class Member Technicians also repaired wire cables when necessary.

26. For all times relevant to this action, as Technicians, the Plaintiffs' primary job duty for the Defendants has been the performance of manual, non-management work.  The Plaintiffs' primary job duty is not the performance of office, or non-manual work directly related to Defendant's management or general business operations, or those of its customers.

27. Rather, Plaintiffs spend most of their time performing manual tasks outside oilfield terminals, such as (1) unspooling wire cables; (2) repairing wire cables; (3) respooling wire cables; and (4)

collecting and relaying information to supervisors for analysis.   The job duties of the Technicians at each of the Defendants' locations was and is essentially the same.  As a result, each Technician performed the same or similar job duties throughout the Defendants' operations.  The job functions of Plaintiffs required little to no official training, and they did not require a college education or advanced degree.

28. The daily and weekly activities of Plaintiffs were routine and largely governed by standardized plans, procedures and checklists created by Defendants. Virtually every job function was predetermined by Defendants, including the tools to use at a job site, the information to compile, and schedule of work and related work duties. The Plaintiffs were prohibited from varying their job duties outside of the predetermined parameters.

29. Plaintiffs did not direct the work of two or more employees at any time during their employment as Technicians.  Plaintiffs did not have the authority to hire or fire other employees, and their suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.  Technicians did not perform work that required knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction; and they do not perform work in a recognized field of artistic or creative endeavor.

30. Named Plaintiff and Class Members worked very long hours.  The Technicians typically worked between five and seven (7) days per week, eight or more hours per day.  Thus, during all times relevant to this action, in weeks in which they work, Plaintiffs typically worked more than forty hours per week.

31. For example, during the workweek of May 7-13, 2017, Named Plaintiff worked 65.19 hours. During the workweek of June 11-17, 2017, Named Plaintiff worked 52.45 hours.  During the workweek of June 18-24, 2017, Named Plaintiff worked 59.87 hours.

32. Although they worked long hours, Plaintiffs were misclassified, or otherwise treated, as exempt under the Fair Labor Standards Act.  Defendants required the Plaintiffs to work the long hours described above and thus knew that Plaintiffs and Class Members regularly worked in excess of 40 hours per week.  Nonetheless, Defendants failed and refused to compensate the Named Plaintiff and Class Members at a rate that is not less than time-and-one-half their regular rates of pay for the hours they worked in excess of 40 in a workweek.

33. For the entirety of his employment, Defendants paid Named Plaintiff a base salary with bonuses but with no overtime compensation.  From as early as 2013 and up until January 1, 2018, Defendants paid its Technicians a base salary with bonuses but with no overtime compensation.

34. Beginning on January 1, 2018, Defendants reclassified some, but not all, of its Technicians as non-exempt and started paying them an hourly rate plus overtime.

35. Defendants have employed and are employing other individuals as Technicians who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties, have been misclassified as "exempt" employees, have consistently worked in excess of forty hours in a workweek and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay.

36. Defendants have knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to Named Plaintiff and the Class Members.

## VI. COLLECTIVE ACTION ALLEGATIONS

37. Named Plaintiff and the Class Members performed the same or similar job duties as one another in that they worked as, and performed the duties of Technician, in Defendants' terminals.  Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were all paid a salary plus bonuses with no overtime for some or all of their employment.  Moreover, Named Plaintiff and Class Members were all misclassified or otherwise treated as "exempt" under the FLSA, were denied overtime pay, and were consistently required to work in excess of forty (40) hours in a workweek.  Thus, the Class Members are owed unpaid overtime for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

38.  Defendants' failure to compensate Technicians for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of misclassifying its Technicians as exempt.  This policy or practice is/was applicable to the Named Plaintiff and all Class Members.  Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all Class Members.  Accordingly, the "Class Members" are properly defined as:

> **All individuals who worked as Technicians for Defendants in the past three years and who, during one or more workweeks, were paid a salary with no overtime.**

## VII. CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

39. During the relevant period, Defendants violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per

week at rates no less than one-and-one-half times their regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit);

b.      For an Order awarding Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

c.      For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;

d.      For an Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

e.      For an Order awarding Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Daniel A. Verrett*
       Daniel A. Verrett
       Texas State Bar No. 24075220
       daniel@morelandlaw.com

Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
13590 Ranch Road 12
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier

**ATTORNEYS FOR PLAINTIFF**